**NOT FOR PUBLICATION**

# FILED

JAN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| D. W., a minor, by and through her guardian ad litem Jessica Martinez, individually and as successor in interest to Sergio Weick; L. W., minor, by and through their guardian ad litem Magdalena Lugo, individually and as successors in interest to Sergio Weick; E. W., minor, by and through their guardian ad litem Magdalena Lugo, individually and as successors in interest to Sergio Weick; CRUZ WEICK, an individual; STEVEN NEIL WEICK, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SAN DIEGO, an entity; PETER MYERS, an individual; CHRISTOPHER VILLANUEVA, an individual, <br><br> Defendants-Appellees. | No. 19-55674 <br><br> D.C. No. 3:17-cv-01459-WQH-AGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 17, 2020[]
Pasadena, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and TIGAR,[***] District Judge.

Sergio Weick's (hereafter, "Sergio") children and parents, D.W., L.W., E.W., Cruz Weick, and Steven Neil Weick (hereafter collectively, the "Weicks"), appeal from the district court's order granting summary judgment in favor of the County of San Diego, Deputy Sheriff Peter Myers, and Deputy Sheriff Christopher Villanueva. The Weicks alleged civil rights violations under 42 U.S.C. § 1983 after Myers and Villanueva (hereafter collectively, the "Deputies") fatally shot Sergio.[1] We affirm.

(1) "'Excessive force claims . . . are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred.'" *County of Los Angeles v. Mendez*, __ U.S. __, __, 137 S. Ct. 1539, 1546–47, 198 L. Ed. 2d 52 (2017).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

[1] The Weicks also asserted state law claims, over which the district court declined to exercise supplemental jurisdiction. They waived review of that declination by not arguing that we should direct the district court to consider those claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The Deputies had information that Sergio was armed with a sawed-off shotgun and had said that he refused to go back to prison. They stated that they shot Sergio after he ignored Myers's commands to show his hands and instead reached for his waistband and pulled at something there.

Because Sergio cannot testify, we "'must carefully examine all the evidence in the record . . . to determine whether the [Deputies'] story is internally consistent and consistent with other known facts,'" including "'circumstantial evidence that, if believed, would tend to discredit the . . . story.'" *Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 (9th Cir. 2014). We have done so and are satisfied that no rational trier of fact could find in favor of the Weicks based on the evidence.[2]

Pursuant to the Deputies' explanations, they were justified in using deadly force in the circumstances facing them.[3] *See id.* at 1077–78; *see also George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *cf. S.B. v. County of San Diego*, 864 F.3d 1010, 1014 (9th Cir. 2017). Moreover, taken in context, Myers's statement given shortly after the shooting that "[h]e does not remember shooting" was not materially inconsistent with the rest of that statement or with his later statements.

[2] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

[3] While the use of force by Villanueva may not be as clearly justified as it was for the force used by Myers, the difference does not ultimately change our conclusion under all of the circumstances.

*Cf. Cruz*, 765 F.3d at 1079–80 (determining that there was evidence that could reasonably raise a doubt regarding credibility of the deputies).  Nor does the evidence indicate that the Deputies continued shooting after the threat from Sergio plainly ended.  Thus, neither of the Deputies violated Sergio's constitutional rights.

(2) To establish that Myers and Villanueva violated their Fourteenth Amendment substantive due process right of familial association, because Sergio was evading arrest, the Weicks were required to prove that the Deputies acted with a "purpose . . . to harm" Sergio "for reasons unrelated to legitimate law enforcement objectives."  *Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008). Summary judgment against the Weicks was proper because they have not pointed to any evidence that Myers or Villanueva had any unrelated reason to harm Sergio. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

(3) A county may be liable under 42 U.S.C. § 1983 if its policy or custom causes the violation of a person's constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978). Summary judgment in favor of the County of San Diego was proper because the Weicks failed to raise a triable issue regarding Myers or Villanueva's use of force. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1090–91 (9th Cir. 2011).

**AFFIRMED.**